**NOT FOR PUBLICATION**

**FILED**

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIGITTE ANDREA MOYA MORENO; et al., | No. 24-1901 |
| Petitioners, | Agency Nos. A240-636-348 A240-636-347 A240-636-349 A240-636-350 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Brigitte Andrea Moya Moreno,[1] Fabio Hernan Saza Cruz, and their two

minor children, natives and citizens of Colombia, petition pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    The clerk will update petitioner's name on the docket to Brigitte Andrea Moya Moreno consistent with the agency decision.

immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Petitioners' challenges to the agency's determinations that their past harm did not rise to the level of persecution and their fear of future persecution was not objectively reasonable are not properly before the court because petitioners did not raise these issues before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland,* 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

Because these issues are dispositive, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Colombia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**